IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROSA GARCIA AND AGUSTIN GARCIA, §
                                §
          Plaintiffs,           §
                                §
VS.                             §   CIVIL ACTION H-10-4088
                                §
NATIONWIDE PROPERTY AND         §
CASUALTY INSURANCE COMPANY,     §
                                §
          Defendant.            §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging breach of insurance contract, fraud, violations of the Texas Insurance Code Sections 541 (unfair settlement practices) and 542 (failure to promptly investigate and pay claims), and breach of an insurer's common law duty of good faith and fair dealing in the nonpayment of insurance policy benefits to Plaintiffs Rosa Garcia and Agustin Garcia for damage to their home caused by Hurricane Ike, is Defendant Nationwide Property and Casualty Insurance Company's ("Nationwide's") motion for partial dismissal under Rules 8 and 9(b) of the Federal Rules of Civil Procedure (instrument #3).

### Nationwide's Motion for Partial Dismissal (#3)

Nationwide moves for dismissal of all claims except breach of insurance contract for failure to meet the standards of Rules 12(b)(6) and 9(b) with the requisite factual support and

specificity required to plead fraud claims.  Instead the statutory and tort allegations are comprised of vague or conclusory statements and Plaintiffs' legal conclusions.

### Standards of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff.  *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5th Cir. 2008).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests."  *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud in federal court "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th

Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 130 S. Ct. 199 (2009)).[1]   A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.   *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994).   "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)."   *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998).   *See also, e.g.*, *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); *Patel v. Pac. Life Ins. Co.*, No. 3:08-CV-249, 2009 WL 1456526, *18 (N.D. Tex. May 22, 2009)(applying Rule 9(b) to Texas Insurance Code claims).   Where "[t]he factual background of

---

[1]   In contrast Texas only requires the plaintiff to assert that the defendant made "a material misrepresentation, which was false and which was either known to be false when made or was asserted without knowledge of the truth which was intended to be acted upon, which was relied upon, and which caused injury." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008), *quoting Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W. 2d 925, 929-30 (Tex. 1996).

. . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").

**Allegations of Plaintiffs' Petition (Notice of Removal, #1 Ex. 4)**

Plaintiffs are owners of a Texas Homeowners Insurance Policy ("policy"), issued by Nationwide and sold to Plaintiffs, covering

Plaintiffs' property at 1915 Quail Feather Court, Missouri City, Texas 77489.

Like many other pleadings submitted by Plaintiffs' law firm for the same claims, the petition conclusorily recites that during Hurricane Ike water intruded through the roof, significantly damaging the entire house and garage, including ceilings, walls, insulation, and flooring. The storm caused substantial structural and exterior damage to the building and damaged Plaintiffs' personal belongings, and as a result they also incurred living expenses. Plaintiffs submitted a claim to Nationwide for these expenses, but Nationwide denied their claim for repairs even though the policy provided coverage for such losses, and it underpaid their other claims for damages. Nationwide continues to delay payment owed under the policy for their damages.

Plaintiffs assert that Nationwide failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy, refusing to pay the full proceeds of the policy despite Plaintiffs' demand, in breach of the insurance contract between Nationwide and Plaintiffs.

As statutory violations, Plaintiffs further allege that Nationwide misrepresented to Plaintiffs that the damage to their property was not covered, in violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. They also assert that, in violation of section 541.060(a)(2)(A) of the Texas

Insurance Code, Unfair Settlement Practices, Nationwide failed to make an attempt to settle Plaintiffs' claim in a fair manner even though it was aware of its liability to Plaintiffs under the policy.   In addition Plaintiffs claim that Nationwide failed to explain to them the reasons for its offer of an inadequate settlement, i.e., why full payment was not made for their damages. Nationwide also did not communicate any future settlements or payments that they would pay for the entire losses covered under the policy nor explain why they failed to adequately settle Plaintiffs' claims, in violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices.   They also accuse Nationwide of failing to affirm or deny in writing coverage of their claims within a reasonable time, in violation of Section 541.060(a)(4) of the Texas Insurance Code.   Moreover Nationwide's refusal to fully compensate Plaintiffs under the terms of the policy and failure to conduct a reasonable investigation of their claims, indeed its performance of an outcome-oriented investigation that resulted in a biased, unfair, and inequitable evaluation of their losses on the property, violated Section 541.060(a)(7) of the Texas Insurance Code.   In violation of Section 542.055, Plaintiffs contend that Nationwide failed to timely acknowledge Plaintiffs' claim and to request all information reasonably necessary to investigate their claim within the statutorily mandated time of receiving notice of Plaintiffs' claim.   In violation of the Code's

Section 542.056, Nationwide additionally failed to accept or deny Plaintiffs' full claim within the statutorily mandated time of receiving all necessary information.  Nationwide further delayed full payment of their claim longer than allowed and still has not fully paid their claim in violation of Section 542.058.

Moreover, in breach of the insurer's common law duty of good faith and fair dealing, Plaintiffs insist that Nationwide refuses to pay them in full even though a reasonable insurance company would know there was no basis on which to deny them full payment.

Finally Plaintiffs claim that Nationwide knowingly or recklessly made false representations of material facts and/or knowingly concealed all or some material information from Plaintiffs.

Plaintiffs generally claim that such acts and omissions in Nationwide's conduct toward them are actually the general business practice of Nationwide in handling such claims.

### Court's Decision

After reviewing Plaintiffs' Petition and the case law relating to the applicable Rules of Civil Procedure, the Court agrees with Nationwide that Plaintiffs' Original Petition fails to meet the requirements of Rules 12(b) (and *Twombly and Iqbal* and their progeny) and 9(b).  Plaintiffs rely on pre-*Twombly* case law to argue that their petition is sufficiently pleaded.  The Fifth Circuit does "not accept as true '[t]hreadbare recitals of the

-8-

elements of a cause of action supported by mere conclusory statements.'" *City of Clinton, Ark. V. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010), *quoting Iqbal*, 129 S. Ct. at 1949. Conclusory allegations that do no more than repeat the elements of a claim are insufficient to state a claim under Rule 8(b). *Twombly,* 550 U.S. at 555; *quoted for that proposition by Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008). Plaintiffs fail to specify at least some particular facts personal to their situation that show their claims satisfy the general elements of each of their causes of action. *See, e.g., Siddiqui v. Nationwide Property & Casualty Ins. Co.*, Civ. A. No. H-10-4794, 2011 @L 722208 (S.D. Tex. Feb. 21, 2011); *Santos v. Nationwide Property & Casualty Ins. Co.*, Civ. A. No. H-10-2674, 2010 WL 4236872 (S.D. Tex. Oct. 21, 2010).

Because Plaintiffs' Original Petition was filed in Texas state court, it did not at that time have to comply with more stringent federal and Fifth Circuit pleading standards.[2] Now that it has

---

[2] Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):

A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993); *In re Credit Suisse First Boston Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.- -Houston [14th Dist.] 2008, orig. proceeding)(petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not

been removed, and that removal is not contested, the federal standards apply.

The Court agrees with Nationwide that Plaintiffs have failed to give Nationwide adequate notice of the claims against it under these standards.  In the interests of justice therefore, the Court

ORDERS that Nationwide's motion for partial dismissal is GRANTED.  Furthermore Plaintiffs are GRANTED LEAVE to AMEND their pleadings within twenty days to attempt to state their extra-contractual claims with the requisite factual support to plead

---

specifically alleged one of the elements of a claim); *In re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-Dallas 2005, no pet) . . . .*Woolam v. Tussing*, 54 S.W. 3d 442. 448 (Tex. App.--Corpus Christi 2001, no pet.)(pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October 2010)("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading.  The court will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged.  Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.")(footnote citations omitted).

plausible statutory and tort claims under Rules 8 and Rule 9(b).

**SIGNED** at Houston, Texas, this __16th__ day of __May__, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE